IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNNY LACY, JR.,

                Plaintiff,

  v.                                                                                      OPINION & ORDER

JOLINDA WATERMAN, SANDRA McCARDLE, and              18-cv-76-jdp
DOCTOR K. MILLER,

                Defendant.

---

Pro se plaintiff and prisoner Johnny Lacy, Jr. has filed a complaint about his medical care at the Wisconsin Secure Program Facility and he seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because Lacy is subject to the filing restrictions in § 1915(g) and his allegations do not show that he is in imminent danger, I am denying his request without prejudice. But I will give him an opportunity to either (1) pay the filing fee in full or (2) file an amended complaint that fixes the problems discussed in this order.

ANALYSIS

Lacy's complaint in this case is governed by 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision applies to Lacy because a federal court has dismissed as legally frivolous at least three cases that he has filed in the past. *Lacy v. Buchler*, No. 93-C-889 (E.D. Wis. Aug. 1, 1994);

*Lacy v. McCaughtry*, No. 93-C-657 (E.D. Wis. May 4, 1994); *Lacy v. Malloy*, No. 93-C-944 (E.D. Wis. June 10, 1994). *See also Lacy v. Cole*, No. 11-cv-1084, 2012 WL 441284, at *1 (E.D. Wis. Feb. 10, 2012) (noting that 1915(g) applies to Lacy). Thus, in any case that Lacy files in federal court, he must either pay the filing fee in full or show that he is "under imminent danger of serious physical injury." Lacy has not paid the filing fee, so he must show that he is in imminent danger.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003), and *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). "[I]f the danger ha[s] passed when the suit [i]s filed the imminent-danger exception is inapplicable; the suit lacks the urgency that would justify allowing the prisoner who has accumulated three strikes to proceed *in forma pauperis*." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1174–75 (7th Cir. 2010).

The allegations in Lacy's complaint are serious, even shocking. Lacy says that he suffers from diabetes and his foot had to be amputated in January 2018 because defendants disregarded his complaints about severe foot pain for several weeks. But those allegations do not qualify for the imminent danger exception because they relate to past conduct that no longer poses a threat. Lacy does not allege either that he is suffering from complications as a result of the amputation or that he faces any danger of additional amputations.

Lacy includes one sentence at the end of his complaint that "HSU-Staff don't want to help [him] wash or change the dressing" for his wound. Dkt. 1, at 5. But that allegation is

simply too vague to support a finding of imminent danger. For example, Lacy doesn't explain what he means that staff "don't want to" help him. Does that mean that they are helping him, but only doing so reluctantly or that they are refusing outright? And if they are refusing outright, is Lacy unable to clean and dress the wound himself? Because Lacy does not allege that he is actually being subjected to unsanitary conditions, he has not alleged that he is in imminent danger.

And even if I could infer that Lacy was in imminent danger, this claim would have another problem, which is that Lacy doesn't identify the staff members involved. The three defendants included in the caption are the medical staff members who allegedly failed to treat Lacy's foot before it needed to be amputated. Lacy does not allege that the same staff members are refusing to provide clean dressing for his wound. Because a defendant cannot be held liable for a constitutional violation unless he or she was personally involved in the alleged conduct, *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), I cannot allow Lacy to proceed on the claim regarding treatment for his wound in the absence of allegations that a particular defendant named in the caption is responsible.

Lacy has two options if he wishes to proceed with the case. He must either pay the filing fee in full or file an amended complaint that shows he is in imminent danger and states a claim upon which relief may be granted under federal law. If he fails to do either of those things, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Johnny Lacy, Jr.'s request to proceed *in forma pauperis* is DENIED without prejudice in accordance with 28 U.S.C. § 1915(g). Lacy may have until April 18,

2018, to either (1) pay the $400 filing fee in full or (2) file an amended complaint that fixes the problems discussed in this order.

2. If Lacy fails to respond by April 18, 2018, I will dismiss the case for Lacy's failure to pay the filing fee.

Entered March 30, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge